UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                           |   |                             |
|-------------------------------------------|---|-----------------------------|
| JOHN QUAGLIANO,                           | : |                             |
|         Plaintiff,                        | : |                             |
| V.                                        | : | CASE NO. 3:03-CV-1570 (RNC) |
| OFFICER CLAY JOHNSON,                     | : |                             |
| SERGEANT WILLIAM KALVAITIS,               | : |                             |
|         Defendants.                       | : |                             |

RULING AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 1983
against Officer Clay Johnson and Sergeant William Kalvaitis of
the Waterbury Police Department, alleging that Johnson falsely
arrested him and that both defendants used excessive force
against him.[1]  After a three-day trial, the jury found for
plaintiff on the false arrest claim and for defendants on the
excessive force claim.  The jury concluded that plaintiff had
failed to prove damages and awarded him nominal damages in the
amount of $2,727 dollars.  Defendant Johnson has moved for
judgment as a matter of law on the false arrest claim pursuant to
Fed. R. Civ. P. 50(b) or, alternatively, to reduce the amount of
nominal damages.  For the following reasons, the motion for

---

[1]  The complaint also named Superintendent Edward Flaherty
and the City of Waterbury as defendants, but the claims against
these defendants were dismissed before and during trial,
respectively.

judgment as a matter of law is denied, and the motion to reduce

the amount of nominal damages is granted.

I.   <u>Background</u>

     The evidence adduced at trial, viewed in the light most

favorable to the nonmoving party, permitted the jury to find the

following facts.  On August 29, 2000, while on duty, defendant

Johnson responded to a complaint made by Lisa Brelsford.

Brelsford claimed that plaintiff, who operated a used car

business, did not give her the correct paperwork in connection

with her purchase of a truck.  Johnson accompanied Brelsford into

plaintiff's office but plaintiff was out.  Plaintiff's assistant

reached him by telephone and told him Johnson was there and

wanted to speak with him.  When plaintiff arrived, he told

Johnson that his dispute with Brelsford was civil in nature.

Plaintiff neither used abusive language nor uttered any racial

slurs.  Nonetheless, Johnson arrested him for breach of peace.

     Following the arrest, Johnson handcuffed and searched

plaintiff.  He removed from plaintiff's pocket a large wad of

cash and placed it on a nearby desk.  He did not count the cash.

While Johnson was momentarily distracted by someone outside,

Brelsford and/or another woman, Stephanie Phipps, took the cash

and fled.  After defendant Kalvaitis arrived on the scene,

Johnson left to try to retrieve the money.  He recovered some

money from Brelsford and Phipps and returned it to plaintiff, but

approximately $2,727 dollars remained missing.

II.  Discussion

A court should grant a motion for judgment as a matter of law if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed. R. Civ. P. 50(a).  The standard for granting a Rule 50 motion is the same as for summary judgment under Rule 56.  Nadel v. Isaksson, 321 F.3d 266, 272 (2d Cir. 2003).  Thus, viewing the evidence in the light most favorable to the nonmoving party, the court must deny judgment as a matter of law unless "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached."  Id. (internal quotation omitted) (alteration in original).

The evidence was sufficient to support the jury's conclusion that defendant arrested plaintiff without probable cause.  Under Conn. Gen. Stat. § 53a-181(a)(5), a person commits a breach of peace "when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [he] . . . in a public place, uses abusive or obscene language or makes an obscene gesture."  Plaintiff denied using abusive or obscene language or racial slurs and testified that he calmly told

defendant that he should not involve himself in a civil matter. Plaintiff also presented evidence that his office was not open to the public.  Defense witnesses testified that people on the street could hear plaintiff using obscene and abusive language and that the office was open to the public, but the jury was not required to believe their testimony.  Crediting plaintiff's testimony, a jury could reasonably conclude that the defendant lacked probable cause for the arrest.

Defendant also contends that he is entitled to qualified immunity.  This defense has been waived because defendant did not assert it in support of his motion at the close of the plaintiff's evidence.  Moreover, accepting plaintiff's testimony as true, no objectively reasonable officer would have believed he had probable cause.  Accordingly, the motion for judgment as a matter of law is denied.

In the alternative, defendant asks the court to reduce the jury's nominal damages award.  When a plaintiff establishes a violation of his civil rights under 42 U.S.C. § 1983, but fails to prove damages, a jury should award the plaintiff nominal damages in the amount of one dollar.  See Carey v. Piphus, 435 U.S. 247, 266-67 (1978); see also Kerman v. City of N.Y., 374 F.3d 93, 123 (2d Cir. 2004).  Plaintiff concedes that the jury's nominal damages award is improper but urges me to treat it as a legally permissible award of compensatory damages.

In assessing whether official conduct has caused compensable damages under § 1983, courts rely on the tort law principle of proximate causation. See Jund v. Town of Hempstead, 941 F.2d 1271, 1286 (2d Cir. 1991). An injury is proximately caused by an act when the act "played a substantial part in bringing about or actually causing the injury or damage, and . . . the injury or damage was either a direct result or a reasonably probable consequence of the act." Id. (quoting E. Devitt et al., Federal Jury Practice and Instructions: Civil § 80.18, at 170 (4th ed. 1987)). This standard reflects the tenet that § 1983 defendants are "responsible for the natural consequences of [their] actions." Kerman, 374 F.3d at 126 (internal quotation omitted) (alteration in original). An intervening act will destroy the causal nexus if it is "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct." Jund, 941 F.2d at 1286; see also Elliott v. City of Waterbury, 245 Conn. 385, 402 (1998) (holding that an intervening event does not destroy causation in a negligence case so long as "the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence" (quoting Fleming v. Garnett, 231 Conn. 77, 86 (1994))).

The arrest of the plaintiff played a substantial role in bringing about the alleged loss of the money; were it not for the

5

arrest, plaintiff would not have lost any money.  But the arrest
was not the direct cause of the loss, as he contends.  An
intervening event – Phipps' and/or Brelsford's theft of the
money – directly caused the loss.  Accordingly, the inquiry is
whether the loss was a reasonably probable consequence of the
false arrest or of the same general nature as the foreseeable
risks created by the false arrest.

Generally speaking, the foreseeable risks of a false arrest
do not include a third party's theft of the arrestee's property.
In the particular circumstances of this case, moreover, a
reasonable officer would not have anticipated finding a large wad
of cash on the arrestee and having it brazenly stolen by a
purported victim who had sought the officer's help.  Indeed, the
jury appears to have found that the false arrest did not
proximately cause the loss of the money.[2]  Accordingly, the
nominal damages award cannot be considered compensatory in
nature.

III. Conclusion

For the foregoing reasons, the defendant's motion for
judgment as a matter of law or, alternatively, to reduce the
nominal damages award [Doc. #75] is hereby granted in part and
denied in part.  The motion for judgment as a matter of law is

---

[2] This does not necessarily mean that plaintiff could not
have recovered for the loss of the money on some other theory of
liability.

denied.   The nominal damages award is reduced to one dollar.

So ordered.

Dated at Hartford, Connecticut this 24th day of August 2006.

/s/
_____
Robert N. Chatigny
United States District Judge